# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1859V
### Filed: June 25, 2019
UNPUBLISHED

| | |
|---|---|
| JANECE DIX,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioners.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 1, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving a seasonal influenza vaccination on January 4, 2017. Petition at 1, ¶ 2. On April 9, 2019, the undersigned issued a decision awarding compensation to petitioners based on the respondent's proffer. ECF No. 37.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 9, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 41.   Petitioner requests attorneys' fees in the amount of $29,838.40 and attorneys' costs in the amount of $1,520.28.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 3.  Thus, the total amount requested is $31,358.68.

On April 23, 2019, respondent filed a response to petitioner's motion.  ECF No. 42.  Respondent states that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioners filed no reply.

The undersigned has reviewed the billing records submitted with petitioners request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.    Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioners counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II.   Attorney Fees

### A.  Hourly Rates

#### i.   Michael G. McLaren

Petitioner requests the following rates for attorney Michael G. McLaren: $425 for work performed in 2016, $440 for work performed in 2017, $456 for work performed in 2018 and $473.00 for work performed in 2019. ECF No. 41-2 at 20.  For the 2016 – 2018 hourly rates these rates have been previously awarded to Mr. McLaren and the undersigned awards them herein.  Regarding the requested 2019 hourly rate of $473, this amount exceeds Mr. McLarens' experience range of attorneys with over 31 years' experience.[3]  The undersigned will award an increase, however reduces the requested rate to $464 per hour.  This results in a reduction of attorneys' fees requested in the amount of **$6.30**.[4]

#### ii.   Law Clerks

Petitioner requests compensation for the law clerks of Black McLaren Jones Ryland & Griffee at the following rates: $148 per hour for work performed in 2017, $153 per hour for work performed in 2018 and $159 per hour for work performed in 2019. ECF No. 41-2 at 20.  The rates for 2017 and 2018 have been previously awarded and are awarded herein.  As to the requested rate for 2019, this rate exceeds the range for law clerks on the OSM Fee Schedule.  The undersigned reduces the rate for the law clerks to $156 per hour. This reduces the request for attorneys' fees by**$10.20**.[5]

### B.  Duplicative Billing Entries

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *Sabella*, 86 Fed. Cl. at 209. Billing records show that three attorneys, including two partners, and two law clerks billed time in this matter. Together, the

---

[3] The schedule for 2019 is available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914

[4] This amount consists of $473 - $464 = $9 x 0.70= $6.30.

[5] This amount consists of $159 - $156 = $3 x 3.4 = $10.20.

attorneys and law clerks have 49 line item entries to review CM/ECF entries throughout the case.  This resulted a total of 5.5 hours billed, in duplicative time to review the notifications.  The motion for attorney fees does not include supporting documentation to support the necessity of having multiple people review and notate the same notifications.

### C.  Excessive Billing

The undersigned also finds that the total number of hours billed by the attorneys and paralegals regarding their internal communications to be excessive.  Over 11 hours was billed for the attorneys and law clerks internally discuss the case, draft and read internal emails, inter office meetings, developing case strategies, and preparing instructions for staff and plans to proceed.  Examples of these entries include:

- September 6, 2017 (0.2 hrs) "Review case status and work on strategy and plan"
- October 31, 2017 (0.10 hrs) Review case status and work on plan"
- December 7, 2017 (0.20 hrs) "Intra-office meeting with staff to discuss path forward, where we stand now, necessary activity and impending dates"
- March 1, 2018 (0.10 hrs) "Receipt/Review and note email from Carmen Garcia regarding follow up on phone records"
- March 27, 2018 (0.10 hrs) "Office conference with William E. Cochran regarding status of obtaining phone records"
- April 17, 2018 (0.10 hrs) "Prepare instructions for obtaining additional medical records and getting new materials from client"
- June 12, 2018 (0.10 hrs) "E-Mail to Samantha Ward regarding request faxed to Dr. Baker's office"
- October 4, 2018 (0.20 hrs) "Office conference regarding strategy and note new DOJ attorney"
- November 6, 2018 (0.10hrs) "Conference with Will Cochran regarding changes to Spreadsheet"
- December 19, 2018 (0.10) "Review case status and develop plan"

ECF No. 41-2 at 3,6,8-9, 11-12, 15 and 17. [6]

### D.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of*

---

[6] These are merely examples and not and exhaustive list.

*Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).  Over 7 hours was billed on tasks considered administrative in nature including, receiving documents, forwarding correspondence and invoices, scanning and saving, and paying invoices.  Examples of these entries include:

- June 15, 2016 (0.30 hrs) "Receipt/Review and note executed engagement letter, release and provider list from client; scan and save all to file; forward documents to William E. Cochran for review"
- September 1, 2017 (0.40 hrs) ""Receipt of invoice and medical records from Florida Medical Clinic; work on scanning and saving; update provider chart; review invoice charges; Correspondence to Will Cochran for review; copy to Sherry Fearon for payment"
- December 1, 2017 (0.10 hrs) "Receipt/review, note and save to file receipt for filing fee"
- January 15, 2018 (0.20 hrs) "Receipt/review and note receipt for attorney's air fare for client visit; save to file"
- March 29, 2018 (0.30 hrs) "Receipt of invoice from Florida Medical Clinic; review and calculate invoice charges; update provider chart; copy of invoice to Sherry Fearon for payment"
- September 11, 2018 (0.10 hrs) "Notes to file regarding request sent"

ECF No. 41-2 at 1,3,5,7,10 and 14.[7]

Based upon the above analysis and the undersigned's experience, petitioners' application for attorneys' fees is reduced by 5%.  This results in a total reduction of attorneys' fees requested in the amount of **$1,491.10**.[8]

### III.   Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,520.28.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioners motion for attorneys' fees and costs.

[7] These are examples and not and exhaustive list.

[8] This amount was calculated after reducing the hourly rate reductions for Mr. McLaren and the law clerks.

**Accordingly, the undersigned awards the total of $29,851.08,[9] as a lump sum in the form of a check payable jointly to petitioner and petitioners counsel, William E. Cochran, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[9] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

6